# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MICHAEL McLAUGHLIN, | No. 2:13-cv-0924-TLN-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M. SPEARMAN, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for the appointment of counsel (Doc. 21).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. If the petition is not dismissed, and the court determines an evidentiary hearing is necessary, appointment of counsel becomes mandatory. See id.

/ / /

In this case, the evidentiary hearing held on December 17, 2014, was not an evidentiary hearing on the merits of petitioner's claims as contemplated by Rule 8.  Rather, it was a hearing to allow petitioner an opportunity to provide support on his claim for equitable tolling to determine whether his petition should be dismissed.  Only once the court determines the petition should not be dismissed, and an evidentiary hearing on the merits of the petition is warranted, does appointment of counsel become mandatory pursuant to Rule 8.

As appointment of counsel is not mandatory at this stage of these proceedings, the court looks to whether the interest of justice so requires.  In the present case, the facts are not so complex as to warrant appointment of counsel.  Therefore, the court does not find that the interests of justice would be served by the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (Doc. 21) is denied without prejudice.

DATED: March 16, 2015

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE